**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: April 21, 2023[1]
Date Decided: May 4, 2023

David C. Hutt, Esquire
R. Eric Hacker, Esquire
Michelle G. Bounds, Esquire
Morris James LLP
107 West Market Street
P.O. Box 690
Georgetown, Delaware 19947

Richard E. Berl, Jr., Esquire
Hudson, Jones, Jaywork & Fisher, LLC
34382 Carpenter's Way, Suite 3
Lewes, Delaware 19958

Re: *Green et al. v. Green et al.*, C.A. No. 2019-0787-SG

Dear Counsel:

Before me are exceptions to the Master's Final Report issued on November 23, 2022 (the "Report") in this partition action.[2] The litigants are four siblings who own the Green family farm near Greenwood as tenants in common, having inherited through their mother. I will not relate the full litigation history; it is sufficient to state that Jay[3] and Rene sought partition while Lewis and Lawrence are the Respondents. The parties ultimately agreed to a partition in kind;[4] the cumbersome

---

[1] This matter was briefed while I was on medical leave. The parties have not requested argument and, upon reviewing the briefing on exceptions on April 21, 2023, I determined that no argument was required. I consider the matter submitted as of that date.

[2] Master's Final Report, Dkt. No. 53 (the "Final Report").

[3] Because many of the litigants share the Green surname, I use first names to avoid confusion and mean no disrespect thereby.

[4] Letter from Richard Berl to Master Griffin Regarding Scheduling Hr'g, Dkt. No. 19.

and antiquated statutory commission was employed;[5] and the Commissioners returned a recommendation that subdivided the property into four parcels of equal value, each with frontage on a public road.[6] The Petitioners objected to the Commissioners return, based in part on *ex parte* communications between the Commissioners and the Respondents, which Petitioners believe influenced the Commissioners' recommendation as to the assignment of each of the lots to a particular sibling.[7]

The Master held an evidentiary hearing on Petitioners' objections to the Commissioners' Return.[8] In her Report, the Master found that the evidence demonstrated that the lots were of equal value, and that equity required that clean-up and demolition expenses be shared by the siblings.[9] Accordingly, the Master accepted the Commissioners' proposed partition but, based on the parties' testimony, found it equitable that the lot assignments be altered.[10] At both the evidentiary hearing and in briefing before the Master, Respondents expressly stated that they would accept being assigned lots 3 and 4;[11] those are the lots they received in the

---

[5] *See* Revised Order Appointing Commissioners, Dkt. No. 24.
[6] Return of Partition Commissioners Received 03-16-22, Dkt. No. 25.
[7] Pet'rs' Notice of Obj. to the Commissioners' Return, Dkt. No. 31.
[8] Tr. of 10-19-2022 Evid. Hr'g ("Evid. Hr'g"), Dkt. No. 52.
[9] Final Report at 9-12.
[10] *Id.*
[11] Evid. Hr'g at 246:21-247:23, 256:1-17; Resp'ts' Closing Arg. 4, Dkt. No. 50.

Report.[12]  Nonetheless, the Respondents have taken exceptions to the Report.[13]  They now demand lots 1 and 2.[14]  Equity so requires, per Respondents, because farming those lots will be more convenient to them, as one of them owns acreage adjacent to lot 1.

I review exceptions to Master's reports *de novo*.[15]  At the hearing leading to the Report, as the Master found, the evidence showed that the four lots were equal in value.  Both the Petitioners, in their objections to the Commissioners' Return, and the Respondents, in their current exceptions to the Report, have expressed a preference for receiving lots 1 and 2.  Respondents, however, testified at the hearing that they were willing to accept lots 3 and 4.[16]  The Master specifically relied on these statements in reaching her decisions in the Report.[17]  As the Petitioners pointed out in briefing on these exceptions, the Respondents are judicially estopped[18] from arguing here that equity requires that they *not* be assigned lots 3 and 4.[19]  The

---

[12] Final Report at 11-12.

[13] Resp'ts' Exceptions to Master's Final Report, Dkt. No. 54.

[14] Resp'ts' Opening Br. in Supp. of Exceptions to the Master's Final Report 14, Dkt. No. 58.

[15] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[16] Evid. Hr'g at 246:21-247:23, 256:1-17.

[17] Final Report at 11.

[18] Judicial estoppel operates where (1) a litigant takes a position that contradicts a position previously taken by that litigant and (2) the Court adopted that previous position in a judicial ruling.  *Motorola Inc. v. Amkor Tech., Inc.*, 958 A.2d 852, 859–60 (Del. 2008).

[19] Pet'rs' Answering Br. in Opp. of Resp'ts' Exceptions to the Master's Final Report 21-23, Dkt. No. 59.

3

Respondents chose to waive a reply brief, and accordingly have waived any objection to application of judicial estoppel.[20]

In any event, having reviewed the hearing testimony and the Master's findings of fact, as well as the application of law and equity, I find that Master Griffin got it exactly right. I come out precisely the same way. The exceptions, to my mind, border on the frivolous. For the foregoing reasons, the Respondents' exceptions to the Report are DENIED. IT IS SO ORDERED.

Since Master Griffin has retired during the exceptions period, I recommend to the Chancellor that I retain jurisdiction to administer any remaining issues in this partition action.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

cc:   The Honorable Kathaleen St. J. McCormick
       All Counsel of Record (by File & Serve Xpress)

---

[20] Letter from Richard Berl to Vice Chancellor Glasscock, Dkt. No. 61; *see, e.g., Jung v. El Tinieblo Int'l, Inc.*, 2022 WL 16557663, at *9-10 (Del. Ch. Oct. 31, 2022) (holding that issues not addressed in briefing are deemed waived).